IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SANTANDER CONSUMER USA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:21-CV-2471-L** |
| | § | |
| **SANDY SANSING NISSAN, INC.,** *et al.***,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On May 13, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 25) ("Report") was entered, recommending that the court deny Plaintiff's Motion to Remand (Doc. 13); and grant Defendants' Alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. 10), without ruling on Defendants' Motion to Dismiss (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff does not object to the Report's recommendation regarding its Motion to Remand but filed objections regarding the Report's recommended disposition of Defendants' motions on May 27, 2022. In its objections (Doc. 26), Plaintiff's disputes the Report's conclusion that personal jurisdiction over Defendants in Texas is lacking. In addition, Plaintiff objects to the Report's determinations and recommendations as to Defendants' request to dismiss under Rule 12(b)(6) and alternative motion to transfer venue to the Northern District of Florida, contending that venue in this District is proper, and both motions should be denied for the reasons briefed in Plaintiff's responses to the motions. Defendants disagree and contend that the magistrate judge's findings, conclusions, and recommendations should be accepted by the court. *See* Doc. 27. Defendants continue to argue that this action should be dismissed under Rule 12(b)(6), but they agree that resolution of their Rule 12(b)(6) motion is better left to the transferee court.

The parties vigorously debate whether the court lacks personal jurisdiction over Defendants and whether venue in this District is proper. The court, however, need not decide these issues, as it determines, for the reasons stated in the Report, that this action should be transferred, for the convenience of the parties and witnesses and in the interest of justice, to the Northern District of Florida where venue is proper and where Defendants acknowledge that they are subject to personal jurisdiction.[*]

Having considered the pleadings, motions, the file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions regarding the transfer of this case to the Northern District of Florida and deferral of any ruling on the motion to dismiss under Rule 12(b)(6) are correct, and **accepts** them as those of the court. For the reasons stated, the court *expresses no opinion* as to whether venue in the Northern District of Texas is proper or personal jurisdiction over Defendants in Texas is lacking because transfer of the case pursuant to § 1404(a) is appropriate regardless of whether venue is proper or personal jurisdiction is lacking. Thus, resolution of these issues is not a prerequisite to transferring the case to the Northern District of Florida.

Accordingly, the court **overrules** Plaintiff's objections (Doc. 26) to the Report; **denies** Plaintiff's Motion to Remand (Doc. 13); **grants** Defendants' Alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. 10), *without ruling* on Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 10); and, pursuant to § 1404(a), **transfers** this action to the Northern District of

---

[*] If the requirements of § 1404(a) or § 1406(a) are met, transfer of a case under either of these sections is appropriate even when both proper venue and personal jurisdiction are lacking. *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985) (citing *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1103-07 (5th Cir. 1981) ("[I]t remains the rule in this circuit that a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a).").

Florida for the convenience of the parties and in the interest of justice. The clerk of the court **shall effect** the transfer in accordance with normal procedure. All other relief not expressly addressed or granted is **denied**.

       **It is so ordered** this 13th day of June, 2022.

                                                   Sam A. Lindsay
                                                   United States District Judge